UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:21-CR-00163-BJB-CHL-1

**UNITED STATES OF AMERICA,**                                                                          **Plaintiff,**

**v.**

**JUAN CARLOS OCAMPO,**                                                                               **Defendant.**

**MEMORANDUM OPINION AND ORDER**

Before the Court is an unopposed motion for protective order filed by the United States of America (the "United States"). (DN 17.) For the reasons set forth below, the motion will be GRANTED.

**I.     BACKGROUND**

On December 22, 2021, the grand jury in the Western District of Kentucky issued an indictment against Defendant Juan Carlos Ocampo ("Defendant") on one count of distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (DN 1.) This charge followed a law enforcement investigation that involved "the employment of a confidential source to make controlled purchases of contraband." (DN 17, at PageID # 46.) The United States asserts that these alleged transactions were captured on audio and video recordings and in photographs which it intends to disclose to Defendant through his counsel. (*Id.*)

The United States's proposed protective order limits the use of this evidence purposes solely connected to the defense of the instant charge. (DN 17-1, at PageID # 49.) The proposed protective order permits Defendant's counsel to show Defendant the evidence but precludes his counsel from providing the evidence for Defendant to maintain in his possession. (*Id.*) It similarly allows Defendant's counsel to show the evidence to other enumerated authorized persons

connected to the case but precludes disclosure for such authorized persons to maintain possession of the evidence without leave of the Court. (*Id.* at 49–50.) Finally, the proposed protective order requires that those in possession of the evidence destroy it or return it to the United States upon the final disposition of this case. (*Id.* at 50.) The proposed protective order does not otherwise limit the use of this evidence in defending the charges nor does it restrict public access to the evidence that is filed in the court record. (*Id.*) The United States asserts that it has discussed the matter with Defendant's counsel and that the defense does not oppose the entry of the proposed protective order. (DN 17, at PageID # 47.)

## II. DISCUSSION

Rule 16(d) of the Federal Rules of Criminal Procedure provides that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d). While the rule itself does not define "good cause," the Advisory Committee notes are instructive on examples of circumstances in which a protective order is appropriate, namely for the safety of witnesses, protection of information vital to national security, and "protection of business enterprises from economic reprisals." Fed. R. Crim. P. 16(e) advisory committee's note to 1966 amendments (discussing Rule 16(e), which is now styled as Rule 16(d)); Fed. R. Crim P. 16(d) advisory committee's note to 1974 amendments ("Although the rule does not attempt to indicate when a protective order should be entered, it is obvious that one would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed."). The issuance of an order under Rule 16(d) is within the discretion of the Court. *United States v. Hanna*, 661 F.3d 271, 294 (6th Cir. 2011). The party seeking the protective order bears the burden of showing good cause. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994); *United States v. Smith*, 985 F.Supp.2d 506, 523

(S.D.N.Y. 2013). Further, the Parties' agreement does not obviate the need for a showing of good cause. *See United States v. Bulger*, 283 F.R.D. 46, 52 (D. Mass. 2012) ("Good cause remains the standard [for entry] even where, as here, the parties agreed to the terms of the protective order.").

Here, since the United States intends to disclose the evidence to Defendant, the issue before the Court is whether there is good cause to protect the evidence from disclosure outside of the defense of the instant charge. "The U.S. Supreme Court has sanctioned the use of protective orders, directing that 'the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.'" *United States v. Jones*, No. 3:06-CR-149, 2007 WL 4404682, at *1 (E.D. Tenn. Dec. 13, 2007) (quoting *Alderman v. United States*, 394 U.S. 165, 185 (1969)). In support of its requested protection, the United States cites its "important interest in ensuring the safety of witnesses in this case." (DN 17, at PageID # 46.) The Court notes that it has not reviewed the evidence at issue and has not been provided specific details about the witnesses to determine the particular risk of harm if their connection to the case is disclosed to individuals outside of the context of this case. However, the United States has indicated that one witness is a confidential informant who made repeated contact with Defendant. (*Id.* at 46.) Disseminating his or her identity and role in assisting the government in policing and prosecuting a suspected drug dealer increases the risk that he or she will face targeted violence by members of the criminal community. *See United States v. Barbeito*, No. CR.A. 2:09-CR-00222, 2009 WL 3645063, at *1 (S.D.W. Va. Oct. 30, 2009) ("While it is true that designating someone as a 'snitch' or a 'rat' does not generally require probable cause or documentary evidence, the danger is certainly compounded when [] discovery materials identifying informants are floating about in the community, and perhaps worse yet, on the internet."). Restricting the use of the evidence at issue to litigating this case and

3

generally limiting possession to Defendant's counsel mitigate that risk without interfering with Defendant's substantive rights or the public's right of access to information filed in the court record. Therefore, the Court finds a sufficient showing of good cause to enter the United States's proposed protective order.

### III.  ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED that the United States's motion for a protective order (DN 17) is **GRANTED**. The protective order will be entered by separate order.

Colin H Lindsay, Magistrate Judge
United States District Court

February 7, 2022

cc: Counsel of record